IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02472-CMA-BNB

JAMES FRANCIS SORENSEN,

Plaintiff,

v.

MS. RABLE, Acting Dentist, and
MS. LOHMAN, Acting Dental Technician,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Motion to Dismiss** [Doc. # 11, filed 02/06/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed his Prisoner Complaint on November 13, 2008 [Doc. #3] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff has had numerous problems with his teeth since March 2008. He put in numerous medical "kites" to see the dentist at the Territorial Correctional Facility to have his teeth repaired and serviced. *Complaint*, p. 3.[1]

2. On or about March 31, 2008, Dr. Rable extracted one of the plaintiff's teeth. Id.

3. On or about April 2, 2008, the plaintiff submitted a kite for an emergency appointment "to have the tooth and bone fragments removed from his mouth, and existing in the hole that was left by the extracted tooth." Id.

4. On or about April 25, 2008, Dr. Rable "looked where this Plaintiff's tooth was pulled and said that there was nothing there." She cut the plaintiff's gum, "scraped on the jawbone," and "put a stitch in it." She did not perform an x-ray. Dr. Rable told the plaintiff that the area would be sore and that it may take time to heal. Id.

5. On or about May 5, 2008, the plaintiff went to the Dental Department to have the stitch removed and to have Dr. Rable check the area. Dr. Rable did not examine the plaintiff. Ms. Lohman, a Dental Technician, examined the plaintiff's mouth and said that everything was fine. Id.

6. By May 5, 2008, the plaintiff's mouth was very sore and he was having difficulty eating. On or about May 13, 2008, the plaintiff submitted numerous kites "to no avail."

---

[1]The Complaint is not consecutively paginated. I cite to the page numbers as they are assigned by the court's docketing system.

7. Between May 5 and May 27, 2008, the plaintiff "pulled three . . . pieces of bone out of where Defendant Rable cut his gums." The area became abscessed. The plaintiff "rubbed an extensive amount of salt on the abcess, and it appeared to temporarily dissapate." Id.[2] "That was when this Plaintiff pulled the bone out of his own mouth." Id. at pp. 3-4.

8. On or about May 27, 2008, the plaintiff went to the Dental Department. Dr. Rable would not come out of her office to look at the plaintiff's mouth. Id. at p. 4.

9. "This Plaintiff, since March 2008, and further back, has had numerous and painful dental situations in his mouth, and has NOT had these problems resolved by either of the Defendant(s) . . . . Dr. M. Rable has not taken the time or care that is necessary to resolve the dental problems of this plaintiff." Id. (emphasis in original).

The plaintiff seeks injunctive and declaratory relief, compensatory damages of $100,000.00, and punitive damages of $1,000,000.00. Id. at p. 8.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[2]I have quoted the plaintiff's statements verbatim without any attempt to identify or correct errors.

### A. Official Capacity

The defendants assert that the claims against them in their official capacities must be dismissed based on Eleventh Amendment immunity. *Motio*n, p. 12. Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). The defendants' assertion of Eleventh Amendment immunity is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The plaintiff is suing the defendants in both their official and individual capacities. *Complaint*, p. 2, ¶¶ 2-3. The defendants are employed by the Colorado Department of Corrections (the "DOC"). The DOC is an agency or subdivision of the State of Colorado. Consequently, a suit against the defendants in their official capacities is a suit against the state. All claims against the defendants in their official capacities for retroactive monetary relief should be dismissed.

### B. Qualified Immunity

The defendants move to dismiss the Complaint on the basis that they are entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right.[3] If the plaintiff has asserted such a violation, the court must determine whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).

### 1. Claim One

Claim One alleges that Dr. Rable and Ms. Lohman violated the plaintiff's Eighth Amendment rights. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

The government has a constitutional obligation to provide inmates with "a level of medical care which is reasonably designed to meet the routine and emergency health care needs

---

[3]In their Motion, the defendants argue that the plaintiff is subject to a heightened pleading requirement upon assertion of qualified immunity. *Motion*, p. 3. The United States Supreme Court and the Tenth Circuit Court of Appeals have abolished the heightened pleading standard upon which they rely. Crawford-El v. Britton, 523 U.S. 574, 595 (1998); Currier v. Doran, 242 F.3d 905, 916 (10th Cir. 2001).

of inmates." Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980). This obligation includes the provision of dental care. Id. "Prisoners generally have more extensive dental problems than the average citizen. Consequently dental care is one of the most important medical needs of inmates." Id. at 576.

To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component. The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Id. at 1205.

Here, the Complaint alleges that the plaintiff had a tooth pulled on March 31, 2008; he submitted a kite to the Dental Department on April 2, 2008, because he felt that tooth and bone fragments were left behind; he was seen on April 25, 2008; Dr. Rable examined him, performed

additional surgery on the area, and did not find tooth and bone fragments; he was seen again on May 5, 2008, to have the stitch removed; Ms. Lohman examined his mouth and said it was fine; the plaintiff's mouth was sore and he was having difficulty eating; between May 5 and May 27, 2008, the area became abscessed; the plaintiff rubbed salt on the area and it improved; the plaintiff pulled bone out of the area; and the plaintiff was seen again in the Dental Department on May 27, 2008.

These factual allegations are not sufficient to show that the defendants knew of an excessive risk to the plaintiff's dental health and disregarded it. To the contrary, these allegations show that the defendants recognized the plaintiff's condition and treated it. The plaintiff does not allege that the initial tooth extraction was problematic. He alleges that after he complained of a foreign body in the area, Dr. Rable performed a second surgery on it and did not find a foreign body. The fact that Dr. Rable missed the existence of a foreign body does not evince a deliberate indifference to the plaintiff's dental health.

The United States Supreme Court has stated:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The fact that Ms. Lohman (instead of Dr. Rable) performed the plaintiff's follow up examination and removed his stitch does not, without more, show deliberate indifference. "[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

The plaintiff makes several conclusory allegations of deliberate indifference. He alleges that "[t]his Plaintiff, since March 2008, and further back, has had numerous and painful dental situations in his mouth, and has NOT had these problems resolved by either of the Defendant(s) . . . . Dr. M. Rable has not taken the time or care that is necessary to resolve the dental problems of this plaintiff." *Complaint*, p. 4 (emphasis in original). He further alleges the defendants "maliciously and with evil intent" ignored his kites and ignored him. Id. at pp. 4, 5.

The plaintiff does not provide any factual allegations to support a reasonable inference that the defendants knew of and disregarded a substantial risk of serious harm to the plaintiff. Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Riddle, 83 F.3d at 1205.

### 2. Claim Two

Claim Two alleges that the defendants' actions, as described above, violate the Due Process Clause. This claim raises issues solely related to the plaintiffs' conditions of confinement and is appropriately analyzed as an Eighth Amendment claim rather than a due process claim. Berry v. City of Muskogee, 900 F.2d 1489, 1493-94 (10th Cir. 1990). As

discussed above, the plaintiff has failed to state a claim for violation of his Eighth Amendment rights.[4]

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 19, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Because the plaintiff has failed to state a claim for violation of his constitutional rights, I need not address the issue of qualified immunity.  Wilson, 526 U.S. at 609.